# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENCEY PURDLE, #R60627,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-01044-SMY |
| | ) |
| **GRIMES,** | ) |
| **JOHN DOE 1,** | ) |
| **PURDUE,** | ) |
| **JOHN DOE 2, and** | ) |
| **WARDEN OF LAWRENCE** | ) |
| **CORRECTIONAL CENTER,** | ) |
| *official capacity only*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kencey Purdle, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Lawrence Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): In late February 2021, Plaintiff advised Lawrence Internal Affairs of threats made by several individuals who were gang affiliated and asked to be placed in protective custody. He was told Lawrence does not have protective custody. He declared a hunger strike on March 3, 2021 out of fear for his safety and Internal Affairs' failure to take any action. He was moved from housing unit 2A to 5B, which is

the hunger strike unit. While on hunger strike, he made requests to speak to someone in command to no avail. He ended his hunger strike after three or four days.

When Officer Grimes came to return Plaintiff to 2A, he told Grimes he would not go back to where he was being threatened. Grimes stated he would speak to John Doe 1 about the matter. Plaintiff was then moved to 8C, which is the COVID-19 quarantine unit. Plaintiff expressed objections to Sergeant Purdue and John Doe 2 about being placed on the COVID-19 quarantine unit. Purdue told him to get his stuff and move or he would be written a disciplinary report and taken to segregation. Plaintiff requested Purdue place him in protective custody. He was again ordered to get his stuff and move.

Plaintiff had observed other inmates being moved from one housing wing/unit to another without first being placed on the quarantine unit. He was placed in the quarantine unit in retaliation for his refusal to return to 2A. After three or four days in the quarantine unit, Plaintiff went back on hunger strike because his request for protective custody was not being honored. He was moved back to 5B. Two days later, he was tested for COVID-19 and returned to the quarantine unit. The next day, his test result showed he was positive for COVID-19. He lost taste and appetite and had a fever, body aches, and a headache. He was moved to the COVID-19 unit. After fourteen days, he was transferred to unit 1. His requests for protective custody continued to be ignored. He was transferred to Centralia Correctional Center on August 4, 2021.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

> Count 1: First Amendment claim against Grimes, John Doe 1, Purdue, and John Doe 2 for placing Plaintiff in the COVID-19 quarantine unit in

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

2

                    retaliation for him refusing housing in unit 2A, going on a hunger strike to object to prison officials' failure to take action on his request for protective custody, and complaining this his request for protective custody was being ignored.

Count 2:        Eighth Amendment claim against Grimes, John Doe 1, Purdue, and John Doe 2 for subjecting Plaintiff to unconstitutional conditions of confinement by placing him in the COVID-19 quarantine unit.

Count 3:        Eighth Amendment claim against Grimes, John Doe 1, Purdue, and John Doe 2 for ignoring Plaintiff's requests for protective custody.

## Discussion

Plaintiff's allegations are sufficient to proceed on the claims in Counts 1 and 2 against Grimes, John Doe 1, Purdue, and John Doe 2. However, the allegations do not support the failure to protect claim in Count 3. To state a failure to protect claim, a plaintiff must allege facts from which a court could conclude that he faces a substantial risk of serious harm, and that the defendants knew of and disregarded that risk. *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011). A plaintiff "must allege a tangible threat to his safety or well-being" and the "threat must reflect that he is subject to a substantial risk of future harm." *Id.* "A substantial risk of serious harm is one in which the risk is so great that it is almost certain to materialize if nothing is done." *Id.* (internal quotation marks and citation omitted). Plaintiff's vague allegation of "threats made by several individuals who were gang affiliated" does not suggest a tangible threat to his safety or substantial risk of future harm. Accordingly, Count 3 will be dismissed for failure to state a claim.

## Identification of Doe Defendants

The Warden of Lawrence Correctional Center, in his/her official capacity only, will be added as a defendant for purposes of responding to discovery aimed at identifying the Doe defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the names of

the Doe defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

## Disposition

Following preliminary review under § 1915A the following claims will proceed: Counts 1 and 2 against Grimes, John Doe 1, Purdue, and John Doe 2. Count 3 is **DISMISSED without prejudice** for failure to state a claim. The Clerk of Court is **DIRECTED** to add the Warden of Lawrence Correctional Center, in his/her official capacity only, as a defendant for purposes of responding to discovery aimed at identifying the Doe defendants.

The Clerk of Court **SHALL PREPARE** for Grimes, Purdue, the Warden of Lawrence Correctional Center (official capacity only), and once identified, John Does 1 and 2.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

4

Service shall not be made on the Doe defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order. As the Warden of Lawrence Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter an appearance and will receive further instruction on discovery at a later date.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based upon the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  July 21, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**U.S.  District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**